UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREYBIN AMIR CHAVARRIA-ZEPEDA,<br>Petitioner,<br><br>-against-<br><br>BONDI ET AL,<br>Respondent. | **MEMORANDUM AND ORDER**<br>26-cv-01095 |

LASHANN DEARCY HALL, United States District Judge:

Greybin Chavarria-Zepeda ("Petitioner") filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner complains that Pamela Bondi, Kristi Noem, Todd M. Lyons, and Brian Flanagan (collectively "Respondents") violated his right to due process under the United States Constitution. (Amended Petition for Writ of Habeas Corpus ("Pet."), ECF No. 7.)

## BACKGROUND[1]

Petitioner is a Nicaraguan national who is presently detained at the Brooklyn Metropolitan Detention Center. (Pet. ¶1.) Petitioner unlawfully entered the United States on September 29, 2022, through the U.S./Mexico border and has a pending asylum application with the United States Citizenship and Immigration Services. (Pet. ¶¶ 2, 4.) On January 23, 2026, Petitioner was arrested by the Town Police of Greenburg, New York, and arraigned in Greenburg Town Court on charges of Grand Larceny in the Fourth Degree. (Response to Order to Show

[1] The background relies on the Amended Petition, Respondents' memorandum in response to the Court's Order to Show Cause, and Petitioner's reply to Respondents' response to the Court's Order to Show Cause. The facts recited here are undisputed unless otherwise noted.

Cause ("Resp."), ECF No. 8 at 7.) Following his arrest and arraignment, Petitioner was detained by Immigration and Custom Enforcement ("ICE") on February 7, 2026, pursuant to 8 U.S.C. § 1226(c)(1)(E). (Resp. at 8.)

**DISCUSSION**

The ultimate question before the Court is whether Petitioner's detention pursuant to 8 U.S.C. § 1226(c)(1)(E) violates his procedural and substantive due process rights. The Court finds it does not.

Chapter 8 U.S.C. § 1226(c)(1)(E) was enacted on January 29, 2025, and requires the mandatory detention of those who:

(i) "[are] admissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title;" and

(ii) "[are] charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]"

8 U.S.C §1226(c)(1)(e).

The Secretary of Homeland Security is directed to "issue a detainer for an alien described in paragraph (1)(E) and, if the alien is not otherwise detained by Federal, State, or local officials, [to] effectively and expeditiously take custody of the alien." *Id.* §1226(c)(3). A person detained under §1226(c)(1) may only be released if "the Attorney General decides pursuant to section 3521 of title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or

person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding." *Id.* §1226(c)(4).

Here, Petitioner is subject to mandatory detention per the text of 8 U.S.C. §1226(c)(1)(E). (Pet. ¶¶ 6-9; Resp. at 11). Petitioner was arrested and arraigned for grand larceny, one of the enumerated offenses in §1226(c)(1)(E)(ii), prior to his detention by immigration authorities. Thus, the prior arrest and arraignment put Petitioner squarely within the purview of §1226(c)(1)(E), granting Respondents the right to mandatorily detain Petitioner for the duration of his removal proceedings.

Petitioner does not dispute he is subject to detainment under § 1226(c)(1)(E). Instead, Petitioner argues that "his mandatory detention under 1226(c)(1)(E) raises serious due process concerns" because Petitioner has only been charged, but not convicted, of grand larceny. (Reply to Resp., ("Reply") at 2-3.) Petitioner does not cite controlling authority for the proposition that detaining a person under §1226(c)(1)(E) based on an arrest and arraignment, instead of a conviction, violates due process. Rather, Petitioner relies on one out of circuit case, *Doe v. Moniz*, 800 F. Supp. 3d 203 (D. Mass. Sept. 5, 2025), which found such a detainment violates due process, and presents far reaching arguments that insist §1226(c)(1)(E) must be "construed to exclude individuals, like Petitioner, who have been charged on an unproven accusation" to avoid a constitutional violation. (Reply at 3; Pet. ¶¶ 38-41.) This Court is unconvinced. A plain reading of § 1226(c)(1)(E) validates Respondents' authority to mandatorily detain Petitioner without a bond hearing.

**CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
September 28, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge